UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22275-CIV-COOKE/BANDSTRA

FEDEX CUSTOMER INFORMATION
SERVICES, INC.,

    *Plaintiff*,

v.

ATRADE FORWARDING CORPORATION,

    *Defendant.*
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before me on Plaintiff Fedex Customer Information Services, Inc.'s ("FCIS") Motion for summary judgment [D.E. 16], pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the motion for summary judgment is granted in part and denied in part.

### *I.  BACKGROUND*

On July, 31, 2009, FCIS filed a Complaint against Atrade Forwarding Corporation ("Atrade") alleging that FCIS holds outstanding invoices for substantial shipping and transportation services performed for Atrade. FCIS is seeking a judgment for damages for an amount of $264,549.69, plus fees and costs, on the following counts: 1) Open account; 2) Account Stated; 3) Services rendered; 4) Breach of Contract; and 5) Unjust enrichment. (Compl. 2-4). On September 16, 2009,[1] Atrade filed its Answer, denying most allegations in the Complaint, and setting forth six affirmative

---

[1] By written correspondence of counsel, the parties agreed on an extended deadline of September 17, 2009 for Atrade to respond to the Complaint. [D.E. 11].

defenses. [D.E. 7]. Finally, on November 25, 2009, FCIS moved for a summary judgment, contending that Atrade defenses are unsupported by statute or the case law or are based on facts controverted by the record. [D.E.16]. Atrade did not oppose FCIS's Motion for Summary Judgment.

## *II. LEGAL STANDARD*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial.'"

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007) (citing *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. Pro. 56 (e)(2). However, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (citing *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami*, *Fla*., 363 F.3d 1099, 1101 (11th Cir. 2004)). The Eleventh Circuit further explained that:

> The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

*One Piece of Real Property Located at 5800 SW 74th Ave., Miami*, *Fla.*, 363 F.3d 1101 (citing *Jaroma v. Massey,* 873 F.2d 17, 20 (1st Cir. 1989) (per curiam)).

### III. ANALYSIS

A. Absence of Genuine Issue As to Any Material Fact

FCIS bears the initial burden to show that there is no genuine issue as to any material fact. *Clark*, 929 F.2d 608. FCIS filed a statement of account detailing the amounts due and the date of invoice. (Compl. Ex. A). The statement shows that the debt owed to FCIS amounts to $264,549.69 in principal and $66,137.42 in collection fees. Additionally, FCIS filed a sworn affidavit of indebtedness by Joe Singler, as Manager of FCIS. (Singler Aff. 2); [D.E. 19;23]. Mr. Singler declared under oath that, based upon FCIS's business records, of which he is a custodian, Atrade owes FCIS a total of $330,687.11. He further testified that Atrade agreed to FCIS's Terms and Conditions, specifically that Atrade will be "responsible for all reasonable costs incurred by Fedex in obtaining or attempting to obtain payment for the services rendered by [Fedex]," including "attorney's fees, collection agency's fees, interest and court costs." (Singler Aff. 3; Ex.1). Singler also declared that FCIS collection fees represent 25% of the freight charges. Finally, FCIS filed, in support of its request for attorney's fees, an affidavit of its own attorney, Jeffery Shalek of Philips, Cantor, Berlowitz & Shalek, P.A., stating that a total of $5,740.50 in attorney's fees and $415 in costs has been incurred. (Shalek Aff. 1-2); [D.E. 18]. Based on the evidence on the record, I find that FCIS has met his Celotex burden. *See Celotex*, 477 U.S. at 324.

On the other hand, even though Atrade denied most of FCIS's allegations (Answer to Compl. 1), it did not file any evidentiary material in support of its contentions. Atrade cannot rest upon "mere allegations or denials." *See Anderson*, 477 U.S. at 248. In the absence of any conflicting evidence, I conclude that there is no genuine issue for trial. Consequently, I will now consider

FCIS's Motion on the merits.

### B. Merits of the Motion

Atrade has filed six affirmative defenses.

#### 1. First Affirmative Defense

Atrade argues that FCIS's breach of contract claim fails to state a cause upon which relief can be granted because FCIS did not mention whether the contract was oral or written, did not specify its terms, nor filed a copy of it. (Answer to Compl. 1). Atrade cites no supporting authority for this contention. "[W]ritten instruments are not required to be attached to a party's pleading." *U.S. v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla 1986). Federal Rule of Civil Procedure 10(c), authorizing the incorporation of any written instrument as an exhibit is permissive only. *See id.* Moreover, FCIS did file a copy of its Terms and Conditions, which the parties agreed would govern FCIS's provision of services to Atrade. (Singler Aff. 3; Ex.1); [D.E. 23].

Atrade further argues that there is no statutory or contractual ground to allow for an award of attorney's fees and costs. FCIS request for attorney's fees is based on their Terms and Conditions, which allow such award. *Id.*

#### 2. Second Affirmative Defense

As a second affirmative defense, Atrade alleges that there is no statutory or contractual basis allowing this Court to award attorney's fees, collection fees or any other charge (Answer to Compl. 1). However, FCIS clearly states that the basis for the attorney's fees, collection fees or any other charge is contractual. (Compl. 3-5); [D.E. 23].

#### 3. Third Affirmative Defense

Atrade third affirmative defense rests upon the theory that the court should not entertain

equitable claims when the Plaintiff has a direct remedy at law. (Answer to Compl. 2). A party is entitled to plead alternative and inconsistent theories of recovery. *U.S. ex rel. Mazur v. Gov't Bus. Servs. Group, LLC,* 2005 WL 1572281, at *4 (M.D. Fla. 2005). In the present case, FCIS has demonstrated that it has a remedy for breach of contract by showing: (1) the existence of a contract, (2) a breach of this contract, and (3) damages resulting from the breach. *See Jones v. Jeld-Wen, Inc.*, 2008 WL 2699434, at *5 (S.D. Fla.2008) (citing *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006)). Even though FCIS was entitled to plead alternative theories, a final judgment on each of them would result in double - and not simply supplemental - recovery. *See Villeneuve v. Atlas Yacht Sales, Inc.*, 483 So.2d 67, 70 (Fla. 4th DCA 1986). Therefore this Court will not consider FCIS's alternative remedies (counts I, II, III, V). *See id*.

### 4.  *Fourth Affirmative Defense*

In its fourth affirmative defense, Atrade alleges that "[A]ny failure to respond to the demand of payment made by FCIS to Atrade does not create an obligation for account stated (count II) absent a contractual agreement creating such liability." (Answer to Compl. 2). As discussed above, this Court will not consider count II (Account Stated).

### 5.  *Fifth and Sixth Affirmative Defenses*

In its fifht and sixth affirmative defenses, Atrade argues that the charges are overstated and incorrect and that FCIS failed to deduct set off, canceled shipments and payments already made by Atrade. (Answer to Compl. 1). As discussed previously, Atrade cannot rest upon mere denials. Atrade has provided no evidence in support of its contentions, and FCIS's remains uncontroverted.

Therefore, after consideration of FCIS's all four counts and Atrade's six affirmative defenses, I conclude that Atrade is in breach of contract (count IV) and is liable for FCIS outstanding debts,

including attorney's fees, collection fees, and other costs.

After review of FCIS's Affidavit of reasonable attorney's fees (Vova Aff. 2)**,** [D.E. 17], and FCIS's Attorney's Affidavit of Fees and Costs (Shalek Aff. 1-2), [D.E.18], I also find that the attorneys fees requested, $5,740.50 for 18,70 hours of attorney time, are reasonable, pursuant to the Lodestar method,[2] and should be granted in full. The number of hours billed as well as the blended hourly rate are reasonable and conform to the South Florida market for a case of a similar nature.

Therefore, the Court finds that FCIS should be awarded a total of $336,842.61, consisting of $264,549.69 in principal, $66,137.42 in collection fees, $5,740.50 in attorneys' fees, and $415 in costs.

### *IV. CONCLUSION*

For the reasons set forth above, the Motion for summary judgment [D.E. 16] is **GRANTED** as to count IV and **DENIED** as to all other alternative reliefs (counts I, II, III, V):

1. Plaintiff shall recover from Defendant **a total of $336,842.61**.

2. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of April 2009.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

cc:

Honorable Ted E. Bandstra

All counsel of record

---

[2] Pursuant to the Lodestar method, which has been adopted by the Eleventh Circuit, reasonable attorneys' fees are determined by the multiplying a reasonable hourly rate by the numbers of hours reasonably expended by counsel." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). When determining an appropriate, reasonable rate, the Court is deemed an "expert," and is warranted in using its own discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).